| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY<br>COLORADO<br>Court address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| **Plaintiffs:** **VENUS GRACE-SCARAFIOTTI**<br><br>v.<br><br>**Defendant: RELIASTAR LIFE INSURANCE<br>COMPANY** | |
| Attorney for Plaintiff:<br>Thomas A. Bulger, Reg. #29390<br>Silvern & Bulger, P.C.<br>4800 Wadsworth Blvd., Suite 307<br>Wheat Ridge, Colorado 80033<br>Phone Number: 303-292-0044<br>Fax Number: 303-292-1466<br>e-mail: counsel@silvernbulger.com | Case No.:<br><br><br>Div.: |

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Venus Grace-Scarafiotti, by and through her undersigned counsel, Thomas A. Bulger, of Silvern & Bulger, P.C., and respectfully submits this Complaint and Jury Trial Demand as follows:

### PARTIES

1.      Plaintiff, Venus Grace-Scarafiotti, is a natural person and citizen of the State of Colorado, with a current address of 6360 South Patsburg Court, Aurora, Colorado 80016.

2.      Defendant, the Reliastar Life Insurance Company ("Reliastar") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of group disability insurance claims. The Defendant's registered agent for service of process is The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

## EXHIBIT A3

## JURISDICTION AND VENUE

3.　　Pursuant to the C.R.C.P. and/or other applicable case law, this Court has jurisdiction over Plaintiff's claims for disability benefits which arose out of a contract of insurance, and breach thereof, which occurred in the County of Arapahoe, State of Colorado.

4.　　Pursuant to C.R.C.P. 98, venue is proper in this Court because the Defendant maintains a registered agent for service of process therein.

## STATEMENT OF THE FACTS

5.　　Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

6.　　At all pertinent times, Plaintiff Venus Grace-Scarafiotti was insured pursuant to a policy of disability insurance sold to and/or issued to her by Defendant by virtue of her employment with the City of Aurora.

7.　　As Plaintiff was a government employee, the policy is not governed by the Employee Retirement Income Security Act (ERISA) and is governed by the law of the State of Colorado.

8.　　As pertinent here, Defendant's policy provides long term disability ("LTD") benefits pursuant to the terms and conditions of the contract and Colorado law, and in the event that an insured is unable to work in her own regular occupation and suffers a 20% or more loss of monthly earnings.

9.　　At all pertinent times, Plaintiff was employed as an Administrative Specialist (or similar position) by the City of Aurora.

10.　　At all pertinent times, Plaintiff and/or the City had paid all premiums that were owed to Defendant, and the LTD policy was in full force and effect.

11.　　Plaintiff's regular occupation required *inter alia* the ability to work on a full-time basis, and other physical and mental tasks. Plaintiff is no longer able to do those tasks and was forced to stop working.

2

**EXHIBIT A3**

12.    Plaintiff was unable to continue working in that occupation on a regular, consistent and full-time basis due to a number of medical issues, including but not limited to the chronic neck, shoulder, and back pain and depression. She has been diagnosed with several disabling conditions including but not limited to fibromyalgia. Plaintiff applied to Defendants for LTD benefits as a result.

13.    In or around 2017, Defendant denied Plaintiff's claim for LTD benefits, based on the conclusion that Plaintiff was able to work in her own occupation.

14.    Plaintiff appealed Defendant's decision to deny LTD benefits as required by the Policy on or about October 12, 2017. Thereafter, including or about June 20, 2018, Defendant denied the appeal.

15.    Plaintiff has suffered injuries, damages and losses as a result of Defendant's denial of LTD benefits.

## FIRST CLAIM FOR RELIEF: BREACH OF INSURANCE CONTRACT

16.    Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

17.    At all pertinent times, Plaintiff was insured by Defendant, including for LTD benefits, subject to Colorado law and pursuant to a valid contract of insurance.

18.    Plaintiff timely made claims to Defendant for said LTD benefits including through to present time.

19.    Defendant has failed to tender LTD benefits due and owing under the policy, and/or delayed payment of said benefits for several months without basis in fact or law.

20.    Defendant has breached its insurance contract with Plaintiff as a result, as Plaintiff was and is disabled as defined by the policy.

21.    Plaintiff has had injuries, damages and losses as a result.

22.    The Defendant's conduct was a cause of the Plaintiff's injuries, damages and losses as alleged herein.

3

**EXHIBIT A3**

## SECOND CLAIM FOR RELIEF: BAD FAITH
## BREACH OF INSURANCE CONTRACT

23.     Plaintiff incorporates and reallege by reference the previous paragraphs of this Complaint.

24.     Defendant's delay in payment of Plaintiff's LTD benefits was without reasonable basis in fact and/or law, and Defendant therefore acted in bad faith.

25.     Defendant's denial of LTD is without reasonable basis and Defendant has acted with knowledge thereof, and/or in reckless disregard of such fact, and has therefore acted in bad faith.

26.     Defendant has engaged in a pattern of wrongful and bad faith claim handling, including but not limited to:

    A.     Multiple denials of benefits;

    B.     Forcing Plaintiff to initiate litigation to obtain benefits;

    C.     Failing to conduct a full and fair review;

    D.     Insisting on levels of proof contrary to the policy and/or law;

    E.     Failing to consider all of the available medical and other information; and/or

    F.     Otherwise acting unreasonably under the circumstances, including failing to consider all credible evidence of impairment submitted.

27.     Plaintiff has had injuries, damages and losses as a result.

28.     The Defendant's conduct was a cause of the Plaintiff's injuries, damages and losses as alleged herein.

## THIRD CLAIM FOR RELIEF: STATUTORY DAMAGES
## PURSUANT TO C.R.S. §10-3-1115 AND 1116

4

**EXHIBIT A3**

29.     Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

30.     Defendant's denial and/or delay in the payment of LTD benefits is unreasonable and therefore violates the provisions of C.R.S. §10-3-1115 and 1116, and/or other Colorado law.

31.     Plaintiff therefore seeks twice the covered benefits delayed and/or denied, as well as all other relief authorized by law including interest, attorney fees and costs.

32.     Defendant's wrongful conduct includes, but is not limited to, the acts set forth in ¶26, *supra*.

## DAMAGES

33.     The Defendant's above-alleged wrongful conduct caused the injuries and damages to the Plaintiff, including but not limited to the delay in payment of all benefits due and owing under the contract; past and future economic damages, including but not limited to the aforesaid delay; past and future non-economic damages, including but not limited to inconvenience, emotional stress, anxiety, loss of enjoyment of life; impairment of the quality of life; and any and all other consequential losses arising from Defendant's wrongful conduct as provided by law.

34.     Plaintiff seeks additional damages for Defendant's bad-faith refusal to honor its contractual obligations, including for additional pain and suffering, stress, anxiety, inconvenience and all other consequential losses caused by Defendant.

35.     Plaintiff seeks additional damages as authorized by law, including but not limited to costs, attorney fees and interest under Colorado law.

## LEAVE TO AMEND

36.     Plaintiff respectfully requests leave to amend this Complaint to add or delete any claims or parties after discovery reveals the facts regarding same, including but not limited to a claim for exemplary damages.

WHEREFORE, Plaintiff respectfully requests damages against the Defendant, individually, jointly, and/or severally as follows:

A.     Compensatory damages as proven, including but not limited to insurance benefits, emotional upset, financial stress, delay damages, anxiety and the like.

5

## EXHIBIT A3

B.  Costs of suit according to law, including but not limited to expert witness fees.

C.  Attorney fees according to law for attorney time expended as a result of any frivolous position which may be taken by Defendant, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence, or asserting any substantially groundless affirmative defense.

D.  Interest pursuant to C.R.S. §13-21-101 and/or other provision of law.

E.  Statutory damages for unreasonable breach of insurance contract including treble damages, attorney fees, costs and interest.

F.  Reinstatement of LTD benefits to the Plaintiff, including payment of any and all back-due benefits.

G.  Any and all relief authorized by Colorado law, including but not limited to benefits, reinstatement, attorney fees, costs and interest.

H.  Such other and further relief as the Court deems fit.

## JURY DEMAND

Plaintiffs respectfully demand TRIAL BY A JURY OF SIX (6) in the above cause, on all issues so triable.

Respectfully submitted,

SILVERN & BULGER, P.C.

s/Thomas A. Bulger
Thomas A. Bulger
Attorney for Plaintiff

Plaintiffs' address:
6360 South Patsburg Court
Aurora, Colorado 80016

6

## EXHIBIT A3